**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Janet Susan McCormick,<br>Plaintiff,<br>v.<br>Commissioner of Social Security Administration,<br>Defendant. | No. CV-24-00028-PHX-JAT<br>**ORDER** |

Pending before the Court is Claimant Janet Susan McCormick's Motion for Attorney Fees under 42 U.S.C. § 406(b) and Memorandum in support thereof. (Docs. 22, 23). The Commissioner of the Social Security Administration ("SSA") represented that he "neither supports nor opposes" the Motion. (Doc. 24 at 2). Because Ms. McCormick's request was reasonable under the applicable law, the Court will grant the Motion.

## I. BACKGROUND

Ms. McCormick filed an application for social security benefits, alleging disability starting October 11, 2017. (Doc. 1 at 2). An Administrative Law Judge ("ALJ") issued a decision denying benefits that the Court reversed and remanded for further proceedings. (Doc. 18 at 17). The SSA then issued a favorable decision and granted Ms. McCormick (1) higher monthly disability benefits; and (2) a check for past-due benefits equaling $96,945.72. (Doc. 23-1). It withheld $28,535.28 from Ms. McCormick's past-due benefits in anticipation of attorney fees. (*Id.*).

The parties stipulated to an award of attorney fees under the Equal Access to Justice

Act ("EAJA") in the amount of $8,900.00 and the Court granted that stipulation. (Doc. 21 at 2-3). Ms. McCormick later filed the Motion at issue, requesting the amount withheld by the SSA—$28,535.28—as a total fee award under § 406(b). (Doc. 23 at 1).

## II. LEGAL STANDARD

Courts entering judgment in favor of a represented social security claimant "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of past-due benefits" to which the claimant is entitled. 42 U.S.C. § 406(b)(1)(A). District courts must independently assess the reasonableness of a requested award. *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009). Although the governing statute does not outline how to determine such reasonableness, *Crawford*, 586 F.3d at 1148, reviewing courts must respect "the primacy of lawful attorney-client fee agreements," *Gisbrecht v. Barnhart*, 535 U.S. 789, 793 (2002).

When considering the reasonableness of Ms. McCormick's counsel's requested award, the Court will examine the contingent-fee agreement itself, the character of representation, and the achieved result. *See id*. at 808. The hours counsel spent representing her client and her billing rate will likewise be taken into account. *See id*. at 808-09.

## III. DISCUSSION

Here, Ms. McCormick contractually agreed to pay her counsel 25% of her past-due benefits. (Doc. 23-2). The Change of Benefits letter sent to Ms. McCormick by SSA does not display the total amount of past-due benefits awarded. Upon the Court's calculation, the SSA's check for past-due benefits (equaling $96,945.72) added to the withheld amount (equaling $28,535.28) makes for a total award of $125,481.00.

Mathematically, the amount withheld is not 25% of the total award as calculated above. Claimant's counsel, however, has represented that $28,535.28 *is* 25% of the total award; the Government does not dispute this understanding. The Court therefore accepts the parties' representations that $28,535.28 is 25% of Ms. McCormick's past-due benefits. If this is not correct, Claimant's counsel has a duty to move this Court to amend the award.

Counsel requests an hourly rate of $781.78 for the 36.5 hours she spent on Ms.

McCormick's appeal ($28,535.28/36.5). (Doc. 23 at 5). If awarded the requested attorney fees under § 406(b), counsel must reimburse Ms. McCormick with the $8,900.00 EAJA fee award. *Gisbrecht*, 535 U.S. at 796 (citation omitted). The net attorney fees sought by counsel is therefore $19,635.28, or $537.95 an hour (a 15.6% contingency fee) when the Court factors in the refunded EAJA fees. This rate is in line with the effective hourly rates previously approved in this District and Court of Appeals. *See, e.g.*, *Crawford*, 586 F.3d at 1151 (approving § 406(b) fees of $519, $875, and $902 per hour); *Jeffries v. Comm'r of Soc. Sec. Admin*, No. CV-19-02381-PHX-MTL, 2021 WL 718078, at *1 (D. Ariz. Feb. 24, 2021) (approving a § 406(b) fee of $563.03 an hour).

Upon review of the record, the Court discerns no indication that Ms. McCormick's counsel engaged in substandard performance or undue delay in prosecuting her client's case. Through counsel's advocacy before this Court, Ms. McCormick was ultimately awarded past-due benefits and a higher monthly rate of benefits.

## IV. CONCLUSION

The Court therefore concludes that, after a review of the *Gisbrecht* factors, in addition to the risk involved in the contingency fee arrangement in this case, a fee award of $28,535.28 is reasonable and will approve an award in this amount. The Court will also require Ms. McCormick's counsel to reimburse the $8,900.00 EAJA fee award to her client. *See Gisbrecht*, 535 U.S. at 796 (holding that counsel must refund to the claimant the smaller fee between the attorney fees payable under both § 406(b) and the EAJA).

Accordingly,

**IT IS ORDERED** that Plaintiff's counsel's Motion for Attorney Fees under 42 U.S.C. § 406(b)(1)(A), (Doc. 22), is **GRANTED** in the amount of $28,535.28.

/ / /

/ / /

/ / /

/ / /

/ / /

**IT IS FURTHER ORDERED** that Plaintiff's counsel shall, after receipt of the above-awarded fee, refund to Plaintiff the fee previously awarded under the EAJA, in the amount of $8,900.00.

Dated this 10th day of September, 2026.

James A. Teilborg
Senior United States District Judge